**In re Scott W. SILVER, Debtor.**

**Michael T. Gunner, Trustee, Plaintiff,**

**v.**

**Onyango Bashir Muhammad, Defendant.**

**Bankruptcy No. 00–51735.
Adversary No. 00–0551.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

July 18, 2001.

Michael T. Gunner, Hilliard, OH, for plaintiff/trustee.

Jodelle M. D'Amico, Reynoldsburg, OH, for defendant.

### *OPINION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on a motion for summary judgment filed by plaintiff Michael T. Gunner, trustee for the chapter 7 bankruptcy estate of Scott W. Silver ("debtor").

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which

this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(A), (E) & (O).

Rule 56(c) of the Federal Rules of Civil Procedure, which is made applicable to this adversary proceeding by Bankruptcy Rule 7056, provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law....

Fed.R.Civ.P. 56(c).

In considering a motion for summary judgment, the Court must view any inferences from the underlying facts in the light most favorable to the non-moving party. *Cox v. Kentucky Dept. of Transportation*, 53 F.3d 146, 150 (6th Cir.1995).

The plaintiff filed this adversary for an accounting and to recover certain rents from real estate located at 426–28 South Ohio Avenue in Columbus, Ohio (the "Property"). Defendant Onyango Bashir Muhammad collected those rents during the pendency of this chapter 7 case and disputes the plaintiff's claims to them.

The parties have stipulated certain facts. Those stipulations and the legal documents attached thereto are the basis for the plaintiff's motion for summary judgment.

The debtor filed his petition under chapter 7 of the Bankruptcy Code on March 6, 2000. Shortly prior to that filing he attempted to quit-claim an interest in the Property to the defendant. That deed was not recorded, and therefore, the debtor was the record owner of the Property at the time he filed bankruptcy. The defendant later attempted to record a deed in his favor over a forged signature of the debtor. At the request of the trustee, however, the defendant reconveyed the Property to the debtor.

The defendant believes the Property is not property of the debtor's bankruptcy estate which the trustee may use and sell. He argues that, at best, the debtor had only bare legal title and not any equitable interest. The defendant, who owned the Property prior to the transfer to the debtor, maintains that the transfer was made only to facilitate the debtor's ability to obtain financing to purchase the Property under an executed Agreement to Purchase. When the debtor was unable to obtain financing, he retransferred the Property to the defendant. It was the title agency that neglected to submit that deed for recording in the public records. The defendant has remained in possession of the rental property and has continued to collect the rents. He wants this Court to impose a constructive trust on the Property in his favor or find that the trustee is not a bona fide purchaser pursuant to § 544 of the Bankruptcy Code because of the defendant's open possession of the Property.

■ At the time of the bankruptcy filing, as between the debtor and the defendant, the defendant was the owner of the Property. Therefore, under § 541 of the Bankruptcy Code, the debtor had no legal interest in the Property on his bankruptcy filing date. The trustee, however, is entitled to avoid the prepetition transfer of the Property from the debtor to the defendant because the deed was not recorded. The lack of such recording and the trustee's status as a bona fide purchaser of real property, without regard to any knowledge under 11 U.S.C. § 544(a)(3), compel that result. Under Ohio law, the trustee, on behalf of unsecured creditors, prevails against that unrecorded interest. Ohio Rev.Code § 5301.25(A).

Once that unrecorded transfer is avoided, the debtor's resulting interest becomes property of his bankruptcy estate pursuant to 11 U.S.C. §§ 541(a)(3) and 550(a). Even though this adversary proceeding does not specifically seek such avoidance, that right has been recognized and accomplished by the defendant's reconveyance of the Property to the debtor pursuant to the trustee's earlier request.

 The only issue that remains therefore is whether the debtor's interest, brought into the bankruptcy estate by the powers conferred on the trustee by 11 U.S.C. § 544(a)(3), should be limited by the imposition of a constructive trust. Such trust would give the defendant an equitable interest in the Property. As the equitable owner, he could claim entitlement to the postpetition rents collected from the Property. Without such a limitation, 11 U.S.C. § 541(a)(6) would require that the rents become part of the bankruptcy estate.

Under the rationale of *XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.),* 16 F.3d 1443 (6th Cir.1994), there is no right of the defendant, under the facts of this case, to benefit from a constructive trust not imposed prepetition. Further, there are no allegations here of facts that would cause this case to come within the exception to that rule set out in *Kitchen v. Boyd (In re Newpower),* 233 F.3d 922 (6th Cir.2000). Although the defendant argues that the debtor obtained the Property without consideration, the written agreement between the parties obligated the debtor to pay $60,000 for the Property.

Based upon the foregoing, the Court finds that the trustee is entitled to an accounting and to a turnover of postpetition rents collected by the defendant. The defendant may, of course, have other remedies for expenses he incurred related to the Property.

Accordingly, the plaintiff-trustee is entitled to summary judgment on his motion. A judgment to that effect will be entered forthwith.

**IT IS SO ORDERED.**